## EMPLOYER WHO DISCHARGES A GUARDSMAN LIABLE IN DAMAGES.

Common Pleas Court of Cuyahoga County.

MARTIN KLAUSSEN v. JOHN PURCELL.

Decided, March 19, 1915.

*National Guard a Constitutional Force—Joint Maneuvers Thereof Prescribed by Law—Employer Who Discharges a Member of the National Guard for Attending Maneuvers Liable in Damages.*

1. The National Guard, which is the modern designation of the organized, equipped and disciplined portion of the militia, is recognized by the federal and state constitutions and statutes as a necessary arm of the government, and is a constitutional force.

2. For drill and discipline, camps of instruction of the Ohio National Guard are prescribed by state law, and for the purpose of obtaining proficiency and uniformity therewith, joint maneuvers with the regular army are prescribed by federal law; and when so ordered, the attendance of an enlisted man of the Ohio National Guard thereat is compulsory.

3. A janitor of a public high school who discharged an assistant janitor who was a soldier of the National Guard of this state, for attending such maneuvers at Fort Benjamin Harrison, pursuant to orders from both the War Department and Adjutant-General of the state, which he was bound to obey, is answerable in damages.

*Turney & Sipe,* for plaintiff.
*Thos. C. Brinsmade,* contra.

NEFF, J.

It appears that the facts in this case are as follows:

The defendant, John Purcell, was a janitor of one of the public schools of the city of Cleveland. The plaintiff was an assistant janitor, assigned to duty at the same school and subordinate to the defendant. The defendant had the authority to employ and discharge such assistants at this school.

The plaintiff is a citizen of the United States, and the state of Ohio, and at some time prior to the 13th of September, 1914, was a soldier of the Ohio National Guard. On that day he was ordered by his superior officers to attend a tour of duty with his

regiment at Fort Benjamin Harrison, Indiana, at which place a joint maneuver was being held, participated in by soldiers of the Ohio National Guard and the regular army.

It appears that the defendant was displeased at the military connection of the plaintiff, and exercised his authority as janitor of this school by having the plaintiff discharged from the employ of the board of education by reason of his having attended the military duty so imposed.

This action is one in damages for this dismissal, averred to have been wrongful, and a jury being waived, the questions of law and fact are submitted to the court.

It appears that early in the history of our commonwealth the necessity of the militia, which is now by modern designation the National Guard, was recognized. The second amendment to the Constitution of the United States reads as follows:

"A well regulated militia being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed."

Now, it appears that Congress has, by legislation, pursuant to the authority vested in it by another constitutional provision, in part provided for the organization, armament and discipline of the National Guard. By the act of January 21, 1903, Congress assumed general jurisdiction of the National Guard. One of the sections provides as follows:

"The Secretary of War is hereby authorized to provide for participation by any part of the organized militia of any state or territory, on the request of the governor thereof, in the encampment maneuvers and field instruction of any part of the regular army at or near any military post or camp or lake or seacoast defenses of the United States. In such case the organized militia so participating shall receive the same pay, subsistence and transportation as is provided by law for the officers and men of the regular army, to be paid out of the appropriation for the pay, subsistence and transportation of the army; provided, that the command of such military post or camp and of the officers and troops of the United States there stationed shall remain with the regular commander of the post without regard to the rank of the commanding or other officers of the militia temporarily so encamped within its limits or its vicinity." Section 15, act of January 21, 1913. (32 Stats., 777.)

It appears that the plaintiff was ordered out to duty at such joint maneuvers pursuant to the provisions of this statute, and that his obedience to the order issued in such case was the cause of his discharge.

Article IX, Section 1 of the Constitution of Ohio provides as follows:

"All male citizens, residents of the state, being eighteen years of age, and under the age of forty-five years, shall be enrolled in militia, and perform military duty, in such manner, not incompatible with the Constitution and laws of the United States, as may be prescribed by law."

By the act of April 23, 1904 (97 Ohio Laws, 477), it is provided that the militia so defined in the Constitution would be divided into two classes, one the National Guard, and second, the unorganized militia. The same act provides for compulsory draft of members of the second into the first.

The question, therefore, resolves itself to this: The plaintiff having, by his voluntary act, elected to place his services at the disposal of the state and nation, for the public defense, may he be penalized or discriminated against by reason of his act?

Clearly, one who voluntarily undertakes a dangerous and burdensome service from motives of pure patriotism, should not be placed, by reason thereof, in a position less favorable than he who, although liable to the same service, does not undertake it.

It appears that in some states employers are prohibited by law from taking such action as was here taken, and a penalty is attached to the violation of the prohibition, while the laws of Ohio are silent in this regard. Yet this is a civil case for damages, and not a penal action. The legal rights of the plaintiff having been violated, and an actionable wrong done him, judgment should, therefore, be rendered in his favor.

Upon the question of the amount of damages, it appears that the young man experienced no extreme difficulty in obtaining new employment upon his return. The loyal and patriotic young American citizen who volunteers his service to the state and nation is usually a good citizen, and is rarely long found in the ranks of the unemployed. His damages are, therefore, nominal, yet in a case of this kind judgment should be for a substan-

tial. sum, that the defendant may not regard the matter as one of no particular consequence.

Judgment will be awarded in favor of the plaintiff and against the defendant in the sum of $100 and the costs of this action.